1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

7

LEO STAPLETON,

8                    Plaintiff,

9          v.

10    KELLER NORTH AMERICA, INC., a
Delaware corporation registered to do
11    business in Washington,

12                    Defendant.

Case No. 2:23-cv-01612

DEFENDANT'S NOTICE OF REMOVAL
OF ACTION UNDER §1441(b)
(DIVERSITY OF CITIZENSHIP)

(KING COUNTY SUPERIOR COURT
CASE NO. 23-2-19303-2 SEA)

13    TO:          THE CLERK OF THE COURT

14    AND TO:      LEO STAPLETON, Plaintiff, by and through his counsel of record Lucinda J.
Luke and Joshua D. Brittingham, Carney Bradley Spellman, P.S.

15

16          Defendant Keller North America, Inc. hereby removes this civil action to this Court from

17    the Superior Court of Washington In and For King County pursuant to 28 U.S.C. §§ 1332, 1441,

18    and 1446. Plaintiff's Summons and Complaint are captioned in the Superior Court of Washington

19    In and For the County of King.

20          The grounds for removal are set forth below:

21                              **PROCEDURAL BACKGROUND**

22          1.      On October 6, 2023, Plaintiff Leo Stapleton initiated this action against Defendant

23    by his Complaint in King County, Washington, Superior Court, styled *Leo Stapleton v. Keller*

24    *North America, Inc., a Delaware Corporation registered to do business in Washington*, and

DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER
§1441(b) (DIVERSITY OF CITIZENSHIP) – 1
*Stapleton v. Keller North America,* Case No. 2:23-cv-01612

1    appearing on that Court's docket as 23-2-19303-2 SEA (the "*State Court Action*"). A true copy of

2    the Complaint in the State Court Action is attached as Exhibit A.

3         2.    Plaintiff's Complaint asserts three causes of action, alleging that Defendant: (1)

4    violated Washington's Law Against Discrimination ("WLAD"), (2) retaliated in violation of

5    WLAD, and (3) wrongfully terminated Plaintiff in violation of public policy.

6                                    **GROUNDS FOR REMOVAL**

7         1.    Pursuant to 28 U.S.C. § 1332(a), this Court "shall have original jurisdiction of all

8    civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

9    interest and costs between – (1) citizens of different States[.]" The Complaint lays out diversity

10   jurisdiction.

11        2.    The Complaint alleges that Plaintiff is a citizen and resided in Washington State at

12   all times material to the Complaint. Ex. A, Compl., ¶1.1, 2.1.  Plaintiff is a citizen of Washington

13   for diversity purposes.

14        3.    The Complaint alleges that Defendant is incorporated under the laws of the State

15   of Delaware. Ex. A, Compl., ¶1.5.

16        4.    A corporation shall be citizen of every state in which it has been incorporated or

17   where it has its principal place of business.  The state of Delaware is where Defendant is

18   incorporated, and the state of Maryland is where it has its principal place of business. Defendant

19   is a corporation.

20        5.    Based on the citizenship of the parties, there is complete diversity of citizenship.

21   28 U.S.C. § 1332(a)(1).

22        6.    Although Plaintiff's Complaint does not allege a specific dollar amount, Defendant

23   has good faith belief that the amount in controversy exceeds $75,000.  Pursuant to LCR 101(a), a

24   reasonable person reading the Complaint would conclude that Plaintiff is seeking damages in an

DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER
§1441(b) (DIVERSITY OF CITIZENSHIP) – 2
*Stapleton v. Keller North America,* Case No. 2:23-cv-01612

SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

amount greater than the minimum jurisdictional amount of this Court. Plaintiff seeks, among other things, economic damages for wrongful termination, including back pay, future pay, bonuses, and benefits, as well as damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation. Ex. A, Compl. *See* LCR 101(a); *see also Michels v. Geico Ins. Agency, Inc.*, 2012 U.S. Dist. LEXIS 165111, at *6-7 (W.D. Wash. Nov. 19, 2012) (amount-in-controversy requirement satisfied where defendant had good faith belief, based on claims asserted in complaint, that Plaintiff sought more than $75,000).

7.    Plaintiff further seeks an award for all of the recoverable costs of this action, attorneys' fees and prejudgment interest.  Ex. A. The Ninth Circuit has held that "Section 1332(a)'s amount-in-controversy requirement excludes only 'interests and costs' and therefore includes attorneys' fees." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). In individual employment cases, attorneys' fees alone can often exceed the jurisdictional minimum, especially when a plaintiff's claims, like those here, are unlikely to be immediately resolved. *See, e.g., Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) ("The Court notes that in its twenty-plus years of experience, attorneys' fees in individual discrimination cases often exceed the jurisdictional minimum.")  Here, Defendant has a good faith belief that Plaintiff's counsels' attorneys' fees will exceed $75,000.

8.    Therefore, this Court has original jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## COMPLIANCE WITH REMOVAL PROCEDURES

9.    This Notice of Removal is being filed within 30 days after receipt of Plaintiff's Complaint, which was received on October 4, 2023.  28 U.S.C. § 1446(b)(1).

DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER §1441(b) (DIVERSITY OF CITIZENSHIP) – 3
*Stapleton v. Keller North America,* Case No. 2:23-cv-01612

SEBRIS BUSTO JAMES
15375 SE 30ᵗʰ Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

10.     There are no other parties to the State Court Action other than Plaintiff and Defendant. Thus, the removal of the State Court Action does not require the consent of any other party.

11.     As required by 28 U.S.C. § 1446(a) and LCR 101, copies of the Complaint and Civil Case Cover Sheet are submitted herewith as separate attachments in the ECF system. There are no pending motions in the underlying State Court Action. Defendant will also file a Verification of State Court Records, as required by LCR 101(c).

12.     The filing of this Notice of Removal in the United States District Court for the Western District of Washington, written notice of removal will be given to Plaintiff through his counsel who effectuated receipt of the Complaint. Promptly upon the filing of this Notice of Removal, Defendant will file a Notice of Filing of Notice of Removal, with a copy of this Notice of Removal, with the Superior Court of Washington In and For King County.

**RESERVATION OF RIGHTS**

13.     This Notice of Removal is filed subject to and with full reservation of all rights and defenses under federal or state law, including but not limited to defenses and objections to forum, venue, improper service, and personal jurisdiction. No admissions are intended hereby as to the propriety of liability or damages with respect to any aspect of this case. Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim for relief or have any merit, or that Plaintiff is entitled to or otherwise may recover any of the amounts described above.

WHEREFORE, Defendant respectfully requests that the above action, now pending before the Superior Court of Washington In and For the County of King, be removed to the United States District Court for the Western District of Washington, and that no further proceedings be had in this case in the Superior Court of Washington In and For the County of King.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER §1441(b) (DIVERSITY OF CITIZENSHIP) – 4
*Stapleton v. Keller North America*, Case No. 2:23-cv-01612

SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

DATED this 20th day of October, 2023.

SEBRIS BUSTO JAMES

 s/ Darren A. Feider
Darren A. Feider, WSBA #22430
s/Monica Ghosh
Monica Ghosh, WSBA #56589
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
(425) 454-4233
dfeider@sbj.law
mghosh@sbj.law
Attorneys for Defendant

DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER
§1441(b) (DIVERSITY OF CITIZENSHIP) – 5
*Stapleton v. Keller North America,* Case No. 2:23-cv-01612

SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

1

**<u>Certificate of Service</u>**

2          I, Darren A Feider, certify under penalty of perjury under the laws of the State of

3   Washington that, on October 20, 2023, I caused to be served the attached document to the

4   individuals listed below in the manner shown:

5          <u>*Attorneys for Plaintiff:*</u>

6   Lucinda J. Luke, WSBA #26783          ☐ By U.S. Mail
    Joshua D. Brittingham, WSBA #42061     ☐ By Federal Express
7   CARNEY BRADLEY SPELLMAN, P.S.          ☐ By Facsimile
    701 Fifth Avenue, Suite 3600           ☐ By ABC Messenger
8   Seattle, WA 98104-7010                 ☐ By Electronic Mail
    luke@carneylaw.com                     ☒ By E-service
9   brittingham@carneylaw.com

10

11                                         s/ Darren A. Feider
                                           Darren A. Feider
12

13

14

15

16

17

18

19

20

21

22

23

24

DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER
§1441(b) (DIVERSITY OF CITIZENSHIP) – 6
*Stapleton v. Keller North America,* Case No. 2:23-cv-01612

SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005